IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CR-13-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THOMAS ANDREW TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

On January 4, 2021, Thomas Andrew Taylor ("Taylor" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 31]. On March 31, 2022, the government responded in opposition [D.E. 36, 37]. As explained below, the court denies Taylor's motion for compassionate release.

I.

On March 26, 2014, pursuant to a written plea agreement, Taylor pleaded guilty to receipt of child pornography. See [D.E. 18, 20]. On August 19, 2014, the court held Taylor's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 24]; [D.E. 27]; Sentencing Tr. [D.E. 30] 4–5. After resolving Taylor's objections, the court calculated Taylor's total offense level to be 36, his criminal history category to be I, and his advisory guideline range to be 188 to 235 months' imprisonment. See Sentencing Tr. at 5–6. After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Taylor to 188 months' imprisonment. See id. at 11–17; [D.E. 28]. Taylor did not appeal.

## II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s timing requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter

2

alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. U.S.S.G. § 1B1.13, cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. Id. § 1B1.13, cmt. n.2.

On October 17, 2020, Taylor applied to his warden for compassionate release. See [D.E. 31]

3

9. On November 5, 2020, the warden denied Taylor's request. See id. Taylor unsuccessfully appealed the denial. See id. at 8. Moreover, the government has not invoked section 3582(c)(1)(A)'s threshold timing requirements. See Muhammad, 16 F.4th at 130. Accordingly, the court considers Taylor's motion on the merits.

In support of his motion for compassionate release, Taylor cites the COVID-19 pandemic, his health conditions, his age, his rehabilitation efforts, his release plan, and his personal history prior to being federally incarcerated. See [D.E. 31]. As for his medical conditions, Taylor states he lost a kidney in 2005 to stage 3 renal cancer. See id. at 2. Taylor also has kidney disease in his remaining kidney, a cyst on his liver, pre-cancerous polyps in his digestive tract, emphysema, chronic back pain, high cholesterol, and high blood pressure. See id. Taylor argues that his health conditions, particularly having only one kidney, place him at heightened risk of serious infection from COVID-19. See id. at 2–3. Under the "medical condition of the defendant" policy statement, a defendant may qualify for compassionate release if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Taylor argues that COVID-19 has delayed the BOP in properly monitoring his conditions, he states that the BOP is treating his health conditions with "at least Ten (10) medications." [D.E. 31] 2–3. Taylor does not argue he is unable to provide self-care while incarcerated.

Taylor has already contracted and recovered from COVID-19, thereby obtaining natural antibodies. See [D.E. 31] 3; [D.E. 37] 13; see also Garrett v. Murphy, 17 F.4th 419, 433 & n.7 (3d Cir. 2021). Taylor has also received two doses of a COVID-19 vaccine, which greatly diminishes Taylor's risk of serious infection from COVID-19, even in light of his health conditions. See [D.E.

4

37] 15; see, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) ("[V]accination does not rule out reinfection, but this does not diminish that vaccination mitigates the risk of COVID-19 complications . . . ."); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("[W]ith access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021), cert. denied, 2022 WL 1611819 (U.S. May 23, 2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). Accordingly, granting Taylor compassionate release because of his health conditions and the risk from COVID-19 does not comport with the "medical condition of the defendant" policy statement. See 18 U.S.C. § 3582(c)(1)(A).

As for his age, Taylor is 61 years old. Granting compassionate release due to Taylor's age is inconsistent with the "age of the defendant" policy statement, which does not apply unless, inter alia, the defendant is 65 years old. See U.S.S.G. § 1B1.13, cmt. n.1(B). Nonetheless, the court considers Taylor's age under the "other reasons" policy statement.

The court assumes without deciding that COVID-19, Taylor's health conditions, his age, his rehabilitation efforts, and his release plan constitute extraordinary and compelling reasons under the "other reasons" policy statement and section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may

5

spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Taylor's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

As for Taylor's personal history and characteristics before pleading guilty to receipt of child pornography, Taylor cites his career history. According to Taylor, "[h]e served his country for five (5) years in the United States Coast Guard. He served several local communities as a professional and volunteer fire-fighter, ambulance driver and sheriff deputy." [D.E. 31] 5. Taylor argues that the "shock and trauma" he suffered in these roles caused him to develop PTSD and "contributed to [his] illegal activity." Id. In resolving Taylor's motion for compassionate release, the court has considered these arguments about Taylor's history and characteristics and concludes that other factors under 18 U.S.C. § 3553(a) outweigh them.

Taylor is 61 years old and is incarcerated for receipt of child pornography. See PSR ¶¶ 1–3. Taylor "is responsible for receiving and distributing child pornography through the use of a computer and an interactive computer service." Id. ¶ 9. Taylor's criminal behavior was extremely serious. He had over 600 images of child pornography, including images of prepubescent minors and images depicting sadistic and masochistic conduct, and 34 videos. See id. ¶¶ 8–9. Taylor also took and posted online a naked picture of his 14-year old daughter. See id. ¶¶ 4, 6–7. He also hid cameras in his daughter's bedroom and bathroom to take pictures of her naked. See id. ¶ 7. Finally, Taylor attempted to obstruct the investigation into his criminal behavior by throwing his laptop into a creek in order to destroy it. See id. ¶¶ 7, 9.

Taylor has taken some positive steps while federally incarcerated. For example, Taylor has participated in education programs and religious services and has earned leadership positions in his

6

employment while incarcerated. See [D.E. 31] 5.

The court must balance Taylor's rehabilitation efforts with his extremely serious criminal conduct, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, No. 20-1650, 2022 WL 2295029, at *12 (U.S. June 27, 2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Taylor's potential exposure to COVID-19, his natural antibodies, his vaccine, his medical conditions, his age, and his release plan. See [D.E. 31]. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Taylor's arguments, the government's persuasive response, the need to punish Taylor for his serious criminal behavior, to incapacitate Taylor, to promote respect for the law, to deter others, and to protect society, the court denies Taylor's motion for compassionate release. See, e.g., Chavez-Meza, 138 S. Ct. at 1966–68; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

## III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 31].

SO ORDERED. This 27 day of June, 2022.

JAMES C. DEVER III
United States District Judge

**7**